IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLES T. WILLIAMS, § <br> #00781612, § <br> PETITIONER, § <br> § <br> v. § <br> § <br> DIRECTOR, TEXAS DEPARTMENT OF § <br> CRIMINAL JUSTICE, CORRECTIONAL § <br> INSTITUTIONS DIVISION DIV., § <br> RESPONDENT. § | CIVIL CASE NO. 3:21-CV-732-L-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Charles T. Williams' *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge for case management, including findings and a recommended disposition where appropriate. As detailed here, the habeas petition should be **DENIED**.

**I.   BACKGROUND**

In 1997, Williams was convicted of burglary of a habitation and was sentenced to 40 years' imprisonment. *State v. Williams*, No. F-9678179-VL (5th Crim. Dist. Ct., Dallas Cnty., Mar. 19, 1997). On July 12, 2010, Williams was released on parole, but his parole was revoked on June 12, 2019. *See* Doc. 11-9 at 2-3. Because he had a prior robbery conviction, his so called "street-time credit" (eight years, eight months, and 20 days) was forfeited and the time was added to the end of his sentence. Doc. 11-9 at 3. Williams unsuccessfully sought relief through a time-credit-dispute-resolution form, Doc. 11-9 at 4, and later, a state habeas

application, which was denied without written order, *Ex parte Williams*, No. WR-47,099-03 (Tex. Crim. App. Sep. 23, 2020); Doc. 11-6 at 1.

Williams then filed this timely, *pro se*, federal habeas petition challenging the forfeiture of his street time credits alleging due process, double jeopardy, ex post facto, and separation of powers violations. Respondent argues the claims lack merit. Doc. 12. Williams has not filed a reply.

Upon review, the Court concludes that Williams has not demonstrated that the state court's decision rejecting his claims was based on an unreasonable determination of fact or an unreasonable application of clearly established federal law. Consequently, his claims fail.

## II. ANALYSIS

Under the deferential standard set out in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner is not entitled to federal habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The petitioner bears the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). However, that burden is "difficult to meet," *Harrington v. Richter*, 562 U.S. 86, 102, 105 (2011), because the state court's decision is reviewed under a "highly deferential" standard and afforded the "benefit of the doubt." *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted). Section 2254(d) "was meant to stop just short of

imposing a complete bar to federal court relitigation of claims already rejected in state court proceedings, allowing for federal habeas relief only where there have been 'extreme malfunctions in the state criminal justice systems.'" *Wilson v. Cain*, 641 F.3d 96, 100 (5th Cir. 2011) (quoting *Richter*, 562 U.S. at 102). Consequently, as long as "'fairminded jurists could disagree' on the correctness of the state court's decision," federal habeas relief should not be granted. *Richter*, 562 U.S. at 102 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Explained differently, "even if the federal court disagrees with the state court ruling, the federal court should not grant habeas relief unless the state court ruling was objectively unreasonable." *Wilson*, 641 F.3d at 100; *see Richter*, 562 U.S. at 101 ("[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." (quotations and citations omitted).

      The deferential standard of review applies even where the state court, summarily denied all claims without written order. *See Richter*, 562 U.S. at 100 ("§ 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'"). Where there is no reasoned state court decision, as in this case, the court "'must determine what arguments or theories . . . could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e] [Supreme] Court.'" *Sexton v. Beaudreaux*, ⸺ U.S. ⸺, 138 S. Ct. 2555, 2558 (2018) (quoting *Richter*, 562 U.S. at 102).

**A. Cannot Surmount the Relitigation Bar**

As noted, "§ 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (2)." *Richter*, 562 U.S. at 98. To overcome the relitigation bar, the petitioner bears the burden of showing "that the state court's

ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *White v. Woodall*, 572 U.S. 415, 419 (2014) (quoting *Richter*, 562 U.S. 86, 103 (2011)); *see also Thomas v. Vannoy*, 898 F.3d 561, 566 (5th Cir. 2018) (reaffirming the "relitigation bar"). However, Williams has not met that high burden. He simply restates the grounds he raised in his state habeas application and presents no arguments or law challenging the Court of Criminal Appeal's decision to deny his claims. *Compare* Doc. 3 at 6-7 *with* Doc. 11-8 at 17-22. Because Williams has made no attempt to carry his burden to show that the state court erred in denying his claims, his claims fail on that basis.

### B. No Due Process Violation

Williams contends he was denied his street-time credits upon "re-entry to TDCJ" in violation of his due process rights. Doc. 3 at 6. He avers that he had acquired the right to those credits by the 70th Legislature and that they were "unlawfully forfeited and added to his maximum discharge expiration date, which has disadvantaged [him] by increasing punishment for the crime and denying street time while out on parole." Doc. 3 at 6-7.

To prevail on his due process claim, Williams must show that he had a liberty interest in the forfeited street-time credit under Texas law. *See Rhodes v. Thaler*, 713 F.3d 264, 266 (5th Cir. 2013). However, contrary to his assertions, eligibility for "street-time" credit is determined by considering the petitioner's status at the time of revocation and *not* on the date the underlying offense or the prior robbery offense was committed, as he implies here.[1] *See Ex parte*

---

[1] In 1988, Williams was convicted of robbery and sentenced to an eight-year term. *State v. Williams*, No. F88-82579-TR (265th Jud. Dist. Ct., Dallas Cnty., June 29, 1988); Doc. 12-1 at 3.

*Hernandez*, 275 S.W.3d 895, 897 (Tex. Crim. App. 2009); *Ex parte Noyola*, 215 S.W.3d 862 (Tex. Crim. App. 2007). At the time of Williams' parole revocation on June 12, 2019, the applicable state law was Texas Government Code § 508.283. And that statute specifically excludes individuals from receiving street-time credit when their supervision is revoked if they have been convicted of an offense ineligible for mandatory supervision under Texas Government Code § 508.149(a). *See Rhodes*, 713 F.3d at 266-67; TEX. GOV'T CODE § 508.283(c). Section 508.238(b) provides:

> If the parole, mandatory supervision, or conditional pardon of *a person described by Section 508.149(a)* is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation.

*Id.* (emphasis added).

Clearly, Williams is "a person described by Section 508.149(a)" because he "has been previously" convicted of robbery. *See* Doc. 12-1 at 3; Doc. 11-9 at 4; TEX. GOV'T CODE § 508.149(a)(11) (providing that an inmate is ineligible for mandatory supervision if he is "serving a sentence for or has been previously convicted of" one of these offenses including robbery); TEX. PENAL CODE § 29.02 (robbery). Because Williams falls within § 508.149(a) by virtue of his prior robbery conviction, he is ineligible for mandatory supervision and, as such, he is not entitled to keep his street-time credit under § 508.283(b). Moreover, the United States Court of Appeals for the Fifth Circuit has held that an individual "described by Section 508.149(a)" has no liberty interest in street-time credit under the Due Process Clause or Texas state law. *See Rhodes*, 713 F.3d at 266-67; *see also Barksdale v. Stephens*, No. 3:15-CV-3080-L-BK, 2016 WL 3072197, at *2-3 (N.D. Tex. May 3, 2016), *R. & R. adopted sub nom. Barksdale v. Davis*, 2016

WL 3057672 (N.D. Tex. May 31, 2016) (finding petitioner's prior robbery conviction made him "a person described in Section 508.149(a)" and, thus, rendering him ineligible for street time following revocation of parole), *aff'd*, 726 Fed. Appx. 244 (5th Cir. 2018) (per curiam).

Consequently, the state court's denial of Williams' due process claim was not based on an unreasonable application of federal law or an unreasonable determination of the facts. His first claim therefore fails.

### C. No Ex post Facto, Double Jeopardy, or Separation of Powers Violation

Williams contends that TDCJ increased his sentence in violation of the Ex Post Facto and Double Jeopardy Clauses and the doctrine of separation of powers by adding the forfeited street-time credits to his maximum expiration date. Doc. 3 at 6. These claims have no merit.

A change in law violates the Ex Post Facto Clause if the change is "retrospective" and it "disadvantage[s] the offender affected by it." *Weaver v. Graham*, 450 U.S. 24, 29 (1981). In 2001, the Legislature amended § 508.283(b) to permit the state parole board to recognize street-time credit for certain offenders but not for those "described by Section 508.149(a)." TEX. GOV'T CODE §§ 508.283(b)-(c); *see Kretzer v. Lumpkin*, No. SA-21-CA-0081, 2022 WL 11455944, at *2-3 (W.D. Tex. Oct. 19, 2022) (summarizing legislative history).

The implementation of Tex. Gov't Code § 508.283(c) has not caused Williams to be prosecuted twice for the same offense or to endure "a punishment more severe than that assigned by law when the criminal act occurred . . . ." *Hallmark v. Johnson*, 118 F.3d 1073, 1077 (5th Cir. 2021) (citing *Weaver*, 450 U.S. at 30). "Texas law has long provided that a person is not entitled to credit for 'street time' or 'flat time' following revocation of his parole or mandatory supervision." *See Johnson v. Thaler*, No. 3:10-CV-0445-P, 2010 WL 1946629, at *3 (N.D. Tex.

Apr. 8, 2010), *R. & R. adopted*, 2010 WL 1948564 (N.D. Tex. May 13, 2010). Thus, TDCJ would have reached the same decision under the law in effect at the time of Williams' underlying offense. *See Hunter v. Lumpkin*, 2021 WL 1235452 (5th Cir. Feb. 25, 2021) ("Both before and after the revision of the statute in issue, [the petitioner] was not entitled to street-time credit."). Also, contrary to Williams' assertions, TDCJ did not add any punishment beyond the 40-year sentence originally imposed. As such, there was no ex post facto violation.

Likewise, Williams was not subjected to double jeopardy. The Double Jeopardy Clause bars successive prosecutions and successive punishments for the "same criminal offense." *United States v. Dixon*, 509 U.S. 688, 696 (1993) (citations omitted). The Fifth Circuit has declined to extend the protections of the Double Jeopardy Clause to parole revocation proceedings. *Morrison v. Johnson*, 106 F.3d 127, 129 n.1 (5th Cir. 1997) (requiring inmate to serve the entire portion remaining on his sentence after his parole is revoked does not violate the multiple punishments prong of the Double Jeopardy Clause (citing *Cortinas v. U.S. Parole Com'n*, 938 F.2d 43, 46-47 (5th Cir. 1991) and *United States v. Whitney*, 649 F.2d 296, 298 (5th Cir. Unit B 1981)).

Here, Williams violated the terms of his supervision and, as a result, lost any credit for the time he spent on parole. As noted, he is not being forced to serve more than the 40-year sentence originally imposed by the sentencing court. Nor has his sentence been extended. *See Gardner v. Davis*, No. A-17-CA-220-SS, 2017 WL 4640442, at *5 (W.D. Tex. Oct. 13, 2017) (rejecting double jeopardy claim stemming from forfeiture of street time credits). Also, Williams' claim that the administrative "extension" of his sentence violates principles of separation of power is obviously frivolous. *See Lambeth v. Quarterman*, No. G-08-0225, 2008

WL 4850197, at *4–5 (S.D. Tex. Nov. 6, 2008) (rejecting claim that parole board's actions violated principles of separation of powers); *Gordon v. Quarterman*, No. 3:05-CV-0115-H, 2006 WL 3420138, at *3 (N.D. Tex. Nov. 27, 2006) (same and collecting cases).

Therefore, the state court's denial of Williams' ex post facto, double jeopardy, and separation of powers claims was neither based on an unreasonable application of federal law nor an unreasonable determination of the facts. Hence, these grounds have no merit.

## III. CONCLUSION

For the foregoing reasons, Williams' petition for writ of habeas corpus should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on November 7, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).